# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUMELA S. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File: |
| ) | |
| THE LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, JUMELA S. BELL, by and through the undersigned counsel, hereby sues the Defendant and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2. Plaintiff alleges that Plaintiff's claims "relate to" an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and that the subject long-term disability plan constitutes a plan under ERISA. Therefore, Plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e).

3. Venue is proper within the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2) because such action may be brought in the District where the plan is administered, where the breach took place, or where a defendant resides or may be found.

4. Plaintiff JUMELA S. BELL ("MS. BELL") is a citizen of the State of Georgia. MS. BELL is and at all relevant times was a "participant" in the subject plan as defined by ERISA, 29 U.S.C. § 1002(7).

5. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("LINCOLN") is a foreign corporation doing business in Georgia. LINCOLN upon information and belief, administers the claims submitted under the Plan and is a fiduciary as defined by 29 U.S.C. § 1001(21) (A). LINCOLN may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA. 30092.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates and re-alleges those allegations set forth in paragraphs 1 through 5.

7. MS. Bell was employed by CSL Behring LLC as plasma center building manager.

8. Plaintiff's employer contracted with Defendants under group contract number GF3-830-510527-01 to provide long term disability benefits to its employees.

9. At all times material to this action, there was in full force and effect an insurance policy for disability income benefits, constituting a binding contract of insurance between Plaintiff's employer and the Defendants.

10. LINCOLN is responsible for the payment of disability benefits under the terms of the LTD Plan.

11. At all times material to this action, Plaintiff was an insured employee as defined under the policy.

12. LINCOLN Defendants administered the disability policy at issue and made all decisions as to benefits payable.

13. The plan contains the following relevant provisions:

> Disability/Disabled means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

ii) Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

14. MS. Bell became disabled on or around September 2023 due to multiple medical conditions including severe non-ischemic cardiomyopathy, pulmonary hypertension and tricuspid regurgitation.

15. The symptoms MS. Bell continuously suffers from include pulmonary edema, shortness of breath, extreme fatigue, chest pain, swelling etc.  Ms. Bell is diagnosed with Class III New York Heart Association symptoms which are defined as "Marked limitation in activity due to symptoms, even during less-than-ordinary activity, e.g. walking short distances (20—100m).Comfortable only at rest."

16. MS. Bell is prescribed numerous medications in attempts to treat her conditions. Ms. Bell's multiple prescription medications cause debilitating side effects, including dizziness, confusion, lack of concentration, nausea, somnolence, headache, and drowsiness. Ms. Bell is also required to take intravenous diuretic therapy which requires numerous uncontrollable trips to the bathroom throughout the day.

17. MS. Bell applied for LTD benefits in accordance with the terms of the plan.

18. In support of her claim, MS. Bell submitted copious amounts of medical information from her numerous healthcare providers documenting her debilitating conditions.

19.  LINCOLN denied Ms. Bell's claim. MS. Bell appealed all denials of her claim with the assistance of counsel.  MS. Bell provided support for her claim with copious amounts of medical evidence.

20. On August 26, 2024 LINCOLN issued the final denial of Ms. Bell's claim.

21. In denying Ms. Bell's claim, and the appeals of the denial of that claim, Defendants ignored credible medical evidence that MS. Bell suffers a disability and that MS. Bell meets the Plan's definition of "Disability/Disabled."

22. Defendants arbitrarily and capriciously breached their obligations set forth in the Plan and violated their obligations under ERISA in the administration of Plaintiff's claims.

23. To date, MS. Bell has not been paid the continued benefits due to her under the Plan.

24. All administrative remedies have been exhausted under the terms of the Plan.

25. As a direct and proximate result of Defendants' conduct in failing to provide coverage and benefits for Ms. Bell's disability, MS. Bell has suffered, and will continue to suffer, damages under the Plan, plus interest and other economic and consequential damages.

## **COUNT ONE – RECOVERY OF BENEFITS AND ENFORCEMENT AND CLARIFICATION OF RIGHTS**

26. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 25.

27. A participant in an employee welfare benefit plan governed by ERISA may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a) (1) (B).

28. Defendants have denied MS. Bell a full and fair review of her claim.

29. MS. Bell has met the eligibility requirements for benefits under the subject Plan from the inception of her claim through the present.

30. In making such determination to deny benefits and/or in processing Plaintiff's procedural appeals, Defendants have amongst other things:

a) "Cherry picked" the information considered ignoring the medical opinions of Plaintiff's treating and attending physicians that Plaintiff was unable to work;

b) Failed to take into account the credible statements provided by Plaintiff that reveal continued disability;

c) Relied on hearsay reports of physicians and other persons who did not examine Plaintiff;

d) Misquoted and misinterpreted medical evidence provided by Plaintiff's treating and attending physicians;

31. Plaintiff is entitled to long term disability benefits under Defendants' policy for the following reasons:

a. These benefits are permitted under the Plan;

b. Plaintiff has satisfied all conditions;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

32.    MS. Bell is entitled to long-term disability benefits under the terms of the Plan from on or around March 2024 through the present.

33.  Defendants have failed to provide MS. Bell with benefits under the subject Plan in violation of the terms of the Plan and of ERISA.

34.  MS. Bell has been harmed by Defendants' repeated failures to administer the Plan in accordance with the documents and instruments that govern the operation and administration of the Plan.

35. Wherefore, Plaintiff prays for judgment as follows:

   a. Declaration of Ms. Bell's right to benefits under the terms of the Plan;

   b. Declaration of Defendants' noncompliance with the terms of the Plan;

   c. Declaration of Defendants' noncompliance with provision of ERISA;

   d. Declaration that Defendants have breached their fiduciary duties owed to Ms. Bell;

   e. Payment of all past-due participant benefits under the terms of the Plan, with an award of pre-judgment and post-judgment interest;

  f.  Payment of attorney fees;

  g.  Payment of costs incurred in this action;

  h.  Such other relief to which MS. Bell may be entitled.

This 27th day of August 2024.

                Adams-Bradham Law Offices

                /s/ Paulette Adams-Bradham
                Paulette Adams-Bradham
                Attorney for Plaintiff
2410 Old Milton Parkway       Ga. State Bar No.: 004723
Suite B
Alpharetta, Georgia 30009
(770) 650-4145